# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:05-CV-136 CAS |
| ) | |
| ALAN BLAKE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on cross motions for summary judgment and other motions filed by the plaintiff. For the following reasons, the Court will deny plaintiff's motion for summary judgment and grant defendants' motion for summary judgment as to the due process claims and dismiss plaintiff's state law claims. Plaintiff's motion to permit addition of information to plaintiff's response to defendants' motion for summary judgment will be granted and plaintiff's motion for alternative dispute resolution through arbitrated settlement will be denied as moot.

**I. Background**

Plaintiff filed this action against defendants Alan Blake, Martha Bellew-Smith, Flora Ashton, Linda Meade, Mary Beth Rowe, Michelle Whitworth, Connie Roberts, Pam Yoder, and John and John Does alleging violations of the Eighth and Fourteenth Amendments, the Health Insurance Portability and Accountability Act ("HIPAA") Pub. L. No. 104-191, 110 Stat 1936 (codified as amended in scattered sections of 26 U.S.C. and 42 U.S.C.), and various state laws regarding medical malpractice. Plaintiff is confined at the Missouri Sexual Offender Treatment Center ("MSOTC"). Plaintiff requests injunctive and monetary relief.

Plaintiff filed a motion for partial summary judgment on his claims regarding defendants Blake, Bellew-Smith, Meade, Rowe, and Roberts for conspiring to withhold food from him. Defendants never responded to this motion. Defendants filed a motion for summary judgment on all claims. Plaintiff filed a response. Plaintiff also filed a motion to strike an affidavit attached to defendants' memorandum in support of summary judgment, a motion to send the case to alternative dispute resolution, and a motion to permit addition of information to plaintiff's response to defendants' motion for summary judgment.

## II. Summary Judgment and Dismissal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and his entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).

Once the moving party has met his burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Anderson, 477 U.S. at 257; City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc., 838 F.2d 268, 273-74 (8th Cir. 1988). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion,

against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986). Additionally, this Court is "'not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.'" White v. McDonnell Douglas Corp., 904 F.2d 456, 458 (8th Cir. 1990) (quoting InterRoyal Corp. v. Sponseller, 889 F.2d 108, 111 (6th Cir. 1989)). "[T]he absence of a response to a dispositive motion does not relieve the Court of its duty to consider the motion on the merits . . . ." Country Club Estates, L.L.C. v. Town of Loma Linda, No. 213 F.3d 1001, 1006 (8th Cir. 2000).

Pro se pleadings are to be liberally construed and are held to less stringent standards than those drafted by an attorney. Smith v. St. Bernards Reg'l Med. Ctr., 19 F.3d 1254, 1255 (8th Cir. 1994). "At a minimum, however, a complaint must contain facts sufficient to state a claim as a matter of law. . . ." Hanten v. School Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999). A complaint shall not be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling her to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003).

### III. Discussion

**A. Facts**

The Court finds the following facts as true for purposes of summary judgment. Plaintiff William Bradford is a civil detainee at MSOTC in Farmington, Missouri. Bradford is confined

pending a determination whether he should be committed as a sexually violent predator. For safety and security purposes, MSOTC requires all residents to wear an identification badge when they are off their wards. The identification badges ensure that residents taking medication are correctly administered their medications and those on restricted diets are following the correct diet.

During the evening meal on January 19, 2005, Bradford refused to wear an identification badge as required. Because Bradford would not wear his identification badge, he was not permitted to leave his ward for any purpose, including to eat meals in the dining room. The members of Bradford's treatment team agreed that bringing a meal tray to him would reinforce antisocial and manipulative behavior. The team members also believed that giving validity to Bradford's actions would influence other residents to copy Bradford's behavior. As a result of the team members' assessment, Bradford was not excused from wearing his badge. Bradford refused to wear his badge until the evening meal on January 24, 2005. Upon wearing his badge, Bradford was allowed to go to the dining room.

During the time he refused to wear his badge, evening snacks were available on every ward at MSOTC for the residents. Bradford ate evening snacks during the time he was not allowed to leave the ward. Bradford's physical condition was closely monitored during the time of his refusal to wear his badge and to go to meals.

### B. HIPAA Claims

On plaintiff's first claim for relief, he asserts that defendants violated his privacy rights under HIPAA by requiring him to wear a badge containing personal information. (Compl. ¶¶ 1, 9-16). Plaintiff believes that the information contained on his badge could be used by other patients to identify him as a "snitch" and asserts that he has been physically threatened by other patients. (Compl. ¶ 16). Plaintiff also alleges that the defendants have conspired to subject him to serious

violations of his rights to "patient information privacy" guaranteed by HIPAA as well as state law. (Compl. ¶ 26). Defendants move for summary judgment on this claim on the basis that HIPAA does not provide a private right of action.

Every court that has considered the issue, including this Court, has held that HIPAA does not create a private cause of action for violations of the Act. See Johnson v. Quander, 370 F.Supp.2d 79, 99-100 (D.D.C. 2005); Poli v. Mountain Valleys Health Ctrs., Inc., No. 2:05-2015-GEB-KJM, 2006 WL 83378 at *2 (E.D. Cal. Jan. 11, 2006); Bradford v. Semar, No. 4:04-CV-1711 CDP, 2005 WL 1806344 (E.D. Mo. July 28, 2005) (case involving plaintiff). Therefore, plaintiff's claim against defendants for violations of HIPAA does not state a claim upon which relief can be granted. Because plaintiff has not alleged facts sufficient to state a claim, defendants' motion for summary judgment, construed as a motion to dismiss under Rule 12(b)(6), will be granted.

**C. Missouri Patients' Rights Statutes**

Bradford also asserts claims under certain Missouri statutes regarding patients' rights as provided in MO. REV. ST. §§ 630.110.1, 630.115.1, 630.120, 630.140.7, asserting the same privacy rights violations he alleged under HIPAA, and rights regarding the denial of food pursuant to MO. CODE REGS. ANN. tit. 9 §§ 10-7.020(4)(A), 10-7.060(1)(B)(2). (Compl. § 3, 9-16). The above statutes and regulations contain no express provision establishing or prohibiting a private right of action. The Department of Mental Health promulgates rules relative to implementation of patients' rights. See Mo. Rev. St. § 630.135. There are other provisions contained in Chapter 630 of the Missouri statutes that provide for criminal charges regarding abuse or neglect of patients, e.g., §§ 630.155, 630.160, 630.165, and provide administrative review of alleged violations of patients' rights in § 630.115.2. "When the legislature has established other means of enforcement, [the court] will not recognize a private civil action unless such appears by clear implication to have been the

- 5 -

legislative intent." Johnson v. Kraft General Foods, 885 S.W.2d 334, 336 (Mo. 1994) (en banc). There is no clear implication of legislative intent to recognize a private cause of action in the statutes cited by plaintiff and no Missouri court has found such an intent. Specifically, in Fierston v. DePaul Health Center, 949 S.W.2d 90, 93 (Mo. Ct. App. 1997), the Missouri Court of Appeals held that there is no private cause of action or implication of legislative intent to do so in § 630.140. Therefore, the Court will grant defendants' motion for summary judgment, construed as a motion to dismiss, regarding plaintiff's claims of violation of his patient and privacy rights under Missouri law.

### D. Qualified Immunity and Due Process Claims

Defendants assert that they are entitled to qualified immunity regarding plaintiff's remaining claims. Under the qualified immunity principle, governmental officials are immune from suit for civil damages unless their conduct is unreasonable in light of clearly established law. Anderson v. Creighton, 483 U.S. 635, 639 (1987). "To determine whether an official is entitled to qualified immunity, we ask two questions: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted." See Saucier v. Katz, 533 U.S. 194, 201 (2001). Qualified immunity is not a complete defense to plaintiff's claim for injunctive relief, assuming the same is not moot, because qualified immunity "cannot serve as a defense to an equitable claim such as [a] claim for injunctive relief." Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995); Tubbesing v. Arnold, 742 F.2d 401, 403-04 (8th Cir. 1984).

### 1. Due Process Claims

Plaintiff asserts that he has been subject to cruel and unusual punishment in violation of the Eighth Amendment and serious deprivation of his fundamental rights under the Fourteenth Amendment. An involuntarily committed patient such as plaintiff is not a prisoner, however, "his confinement is subject to the same safety and security concerns as that of a prisoner." Revels v. Vicenz, 382 F.3d 870, 875 (8th Cir. 2004). "[B]ecause an involuntarily committed [patient] is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply." Id. The rights of involuntarily committed patients arise under the Fourteenth Amendment.[1] The Court interprets plaintiff's complaint to assert substantive and procedural due process claims under the Fourteenth Amendment.

### a. Substantive Due Process

"In determining whether a substantive right protected by the Due Process Clause has been violated, it is necessary to balance the 'liberty of the individual' and the 'demands of an organized society.'" Youngberg v. Romeo, 457 U.S. 307, 320 (1982). To gain this balance, the Court must weigh "the individual's interest in liberty against the State's asserted reasons for restraining individual liberty." Id. "In order to succeed, a complaint for a violation of substantive due process rights must allege acts that shock the conscience, and merely negligent acts cannot, as a constitutional matter, do that: To hold otherwise would trivialize the centuries-old principle of due process of law." S.S. v. McMullen, 225 F.3d 960, 964 (8th Cir. 2000) (en banc), cert. denied, 532 U.S. 904 (2001)

---

[1] The Fourteenth Amendment provides: All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

(internal quotations omitted). Actionable cases must demonstrate a level of abuse of power that is "so brutal" and "so offensive" that it does not comport with traditional ideas of fair play and decency. McMullen, 225 F.3d at 960 (citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)).

Plaintiff's claims concern the requirement that he wear an identification bracelet, denial of permission to leave the ward unless he wears the bracelet, and the denial of a food tray in his room when he refused to wear the bracelet. Plaintiff believes that if he wears the bracelet, he will be harmed by other patients because the case number displayed on the bracelet will identify him as a snitch.

The Court does not believe the requirement that plaintiff wear an identification bracelet or the denial of permission to leave the ward for failure to wear the bracelet were violations of plaintiff's substantive due process rights. "There must be a mutual accommodation between institutional needs and objectives and the provisions of the Constitution that are of general application." Bell v. Wolfish, 441 U.S. 520, 544 (1979) (citations omitted). Detainees, whether civil or criminal, do not "possess the full range of freedoms" that non-detainees possess. See Bell, 441 U.S. at 546. The identification badges distinguish the residents from staff and visitors. In the environment where plaintiff resides, it is important for security reasons for the staff to be able to quickly and easily identify persons on the premises. Security is a legitimate objective and goal of an institution housing individuals who may be or have been determined to be sexually violent predators.[2]

---

[2]Detainees at the Missouri Sexual Offender Treatment Center are awaiting determination or have been determined as someone "who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who (a) has pled guilty or been found guilty by reason of mental disease or defect . . . of a sexually violent offense; or (b) has been committed as a sexually violent psychopath pursuant to [Mo. Rev. St. § 632.475] and statutes in effect before August 13, 1980." MO. REV. ST. § 632.480(5)(a).

"[A] substantive due process plaintiff 'must demonstrate *both* that the official's conduct was conscience-shocking, *and* that the official violated one or more fundamental rights that are 'deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed.'" Slusarchuk v. Hoff, 346 F.3d 1178, 1181-82 (8th Cir. 2003) (quoting Moran v. Clarke, 296 F.3d 638, 651 (8th Cir. 2002) (en banc) (Bye, J., concurring and writing for a majority on this issue) (citations omitted)), cert. denied, 124 S. Ct. 2018 (2004). The requirements that residents wear identification badges and that the badges be worn outside the residents' wards clearly fall far short of "conscience shocking" conduct that violates a fundamental right. The defendants' action in the institution and enforcement of this policy does not establish a constitutional violation.

"If the allegations do not establish a constitutional violation, then we do not need to inquire any further into qualified immunity." Putnam v. Keller, 382 F.3d 541, 546 (8th Cir. 2003) (citing Saucier, 533 U.S. at 201). Because plaintiff has not demonstrated the violation of a constitutional right, the defendants are granted qualified immunity on plaintiff's substantive due process claim regarding the requirements that residents wear an identification badge and that the badge be worn before a resident leaves the ward.

Second, the Court must address whether plaintiff's substantive due process rights were violated when defendants would not bring a meal tray to plaintiff's rooms when he refused to wear the identification badge. Plaintiff asserts that the defendants purposely deprived him of food as a punishment. The defendants assert that the mental health professionals believed that bringing plaintiff a meal tray to the ward would reinforce his manipulative and antisocial behavior. Therefore, for treatment purposes, defendants made the decision not to bring plaintiff a meal tray to his room.

Plaintiff is correct that the denial of food cannot be used as a punishment for misbehavior. See Maxwell v. Mason, 668 F.3d 361, 365 (8th Cir. 1981). Several courts have found that denial of food violates the constitutional rights of those in the state's custody. See Farmer v. Brennan, 511 U.S. 825, 832 (1994) (prison must ensure that inmates receive adequate food); Simmons v. Cook, 154 F.3d 805, 808 (8th Cir. 1998) (unconstitutional for prison officials to place paraplegic inmates in cell where they could not access food tray slots); Cooper v. Sheriff of Lubbock County, 929 F.2d 1078 (5th Cir. 1991) (failure to feed inmate for twelve days unconstitutional). The distinction between plaintiff's case and the cited cases is that plaintiff chose not to eat. This is not a situation where plaintiff had no choice or was not provided with any food. Plaintiff made the decision to protest by refusing to wear the badge, and as a result he was not permitted to go to the dining hall. The Court has previously concluded it was not a violation of plaintiff's constitutional rights to require him to wear a badge.

Treatment decisions by professionals are entitled to a presumption of correctness, which s not overcome in this case. Youngberg, 457 U.S. at 324. Plaintiff was allowed to leave the ward when he put on the identification badge. When plaintiff refused to leave the ward, defendants still provided him with the evening snack that is distributed on the ward, which plaintiff admits that he ate.[3] Plaintiff's contention that he was afraid of the disclosure to other inmates of information that would label him as a snitch is unpersuasive given plaintiff's filing of this lawsuit that anyone can access, in which he labels himself as a "snitch." The Court finds that denying plaintiff access outside of the ward when he refused to wear the badge or a personal food tray in his room when he chose not wear the badge and leave the ward does not demonstrate a level of abuse of power that is "so brutal" and "so offensive" that it does not comport with traditional ideas of fair play and decency. See

---

[3]Plaintiff asserts that this snack consisted of milk and cookies.

McMullen, 225 F.3d at 960. Therefore, defendants are entitled to qualified immunity on plaintiff's substantive due process claim regarding the failure of the defendants to bring him food when he refused to wear the badge off the ward.

### b. Procedural Due Process

Plaintiff asserts that he was denied procedural due process because he was denied notice, hearing, and right of defense. "Procedural due process extends only to rights encompassed by the Fourteenth Amendment's protection of liberty and property. Such interests may be created by state laws and policies . . . . It is clear however, that without more, the mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993) (internal citations omitted). "The simple specification of a particular procedure does not create a Fourteenth Amendment liberty interest." Nix, 1 F.3d at 717.

Plaintiff has failed to specify what liberty or property interests he is asserting. Further, plaintiff's complaint shows that he did have notice and an opportunity to be heard. First, plaintiff states that on January 5, 2005, "a new policy was posted describing that effective 1/7/05, plaintiff would be required to wear an identification badge (I.D.) at all times except when he is in bed at night. It further indicated that he would thereafter receive a 'major' violation . . . if he failed to correctly wear and display the I.D." (Compl. ¶ 12). Plaintiff states that he filed a formal complaint on January 5, 2005 regarding his "HIPAA protected health information." (Compl. ¶ 14). On January 6, 2006, defendant Connie Roberts informed plaintiff that his ID complaint was being addressed by administration and new IDs would be made eliminating protected health information. (Compl. ¶ 15). Plaintiff wore the badge, but turned it over backward or wore it under his jacket. (Compl. ¶ 17). On January 19, 2005, defendant Whitworth informed plaintiff that he must wear the badge with the information visible. (Compl. ¶ 17). At that time, plaintiff turned in his I.D. and informed Whitworth

that he would not wear the I.D. again on or off ward. (Compl. ¶ 17). At two different times, the defendants met regarding plaintiff's refusal to wear his I.D. off ward and whether his meals should be brought to the ward. (Compl. ¶¶ 18, 20). An MSOTC employee, Wayne Cook, informed plaintiff that he would not be allowed to leave the ward without his badge and no meal trays would be provided for plaintiff. (Compl. ¶ 19). Plaintiff then mailed his complaint in this action to the Court on January 23, 2005, which was filed by the Court upon receipt on January 26, 2005.

Based on the foregoing facts, plaintiff was given the opportunity to challenge the I.D. requirements in the facility and in the courts. The fact that plaintiff disagrees with the defendants' treatment decision does not mean plaintiff was denied procedural due process, even if he had alleged a property or liberty interest. Therefore, the Court will grant defendants qualified immunity on plaintiff's claim of violation of his procedural due process rights.

### 2. Section 1983 Conspiracy

Plaintiff asserts that the defendants conspired to (1) withhold food from plaintiff as a method of punishment, (2) deny plaintiff fundamental rights without providing administrative procedural due process protections, and (3) subject plaintiff to medical malpractice. (Compl. ¶ 23-27).

> To prove a § 1983 conspiracy claim against a particular defendant, the plaintiff must show: that the defendant conspired with others to deprive him or her of a constitutional right; that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; and that the overt act injured the plaintiff.

Askew v. Millard, 191 F.3d 953, 957 (8th Cir. 1999). Plaintiff must also prove "an actual deprivation of a constitutional right or privilege in order to prevail on a § 1983 civil conspiracy claim." Askew, 191 F.3d at 957. Because the Court has found that plaintiff's claims concerning withholding food and the alleged due process violations do not establish constitutional violations, plaintiff's § 1983 civil conspiracy claims also fails. Plaintiff's assertion that the defendants conspired to subject him to medical malpractice by withholding food similarly does not allege a constitutional violation. See

Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (medical malpractice does not rise to the level of a constitutional violation).

**IV. Conclusion**

Based on the foregoing, the Court will deny plaintiff's motion for summary judgment and grant defendants' motion for summary judgment as to plaintiff's due process and conspiracy claims. Plaintiff's claims under HIPAA and Missouri patients' rights statues will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment is **DENIED**. [Doc. 38]

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is **GRANTED** as to plaintiff's substantive and procedural due process claims and conspiracy claims. [Doc. 43]

**IT IS FURTHER ORDERED** that plaintiff's claims of violations under the Health Insurance Portability and Accountability Act ("HIPAA") Pub. L. No. 104-191, 110 Stat 1936 (codified as amended in scattered sections of 26 U.S.C. and 42 U.S.C.) are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's claims of violations under Missouri statutes §§ 630.110.1, 630.115.1, 630.120, 630.140.7 and Missouri Code of State Regulations tit. 9 §§10-7.020(4)(A), 10-7.060(1)(B)(2) are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion to strike is **DENIED**. [Doc. 46]

**IT IS FURTHER ORDERED** that plaintiff's motion for alternative dispute resolution through arbitrated settlement is **DENIED**. [Doc. 47]

**IT IS FURTHER ORDERED** that plaintiff's motion to permit addition of information to plaintiff's response to defendant's motion for summary judgment is **GRANTED**. [Doc. 48]

An appropriate judgment and order of partial dismissal will accompany this memorandum and order.

　　　　　　　　　　　　　　　　　　　　*/s/ Charles A. Shaw*
　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this 23rd day of March, 2006.